## NARDACCI v. NARDACCI.

Common Pleas Court, Trumbull County.

Decided January 7, 1948.

Pierson & Pierson, Warren, for plaintiff.
Morris Mendelssohn, Youngstown, for defendant.

**OPINION**

By BIRRELL, J.

If §12000 GC, applies to this Court, that is the Common Pleas Court of Trumbull County, there is nothing that this Court can do except to grant the application for change of venue. If §12000 GC does not apply to this Court it is the duty of one of the Judges of this Court to so rule in order that this case may proceed to trial, or the ruling may be appealed.

Sec. 12000 GC says: "Upon application of a party and his or her affidavit that a fair and impartial hearing and determination can not be had before the court in which a petition for divorce or alimony is filed, a change of venue shall be allowed".

It does not say that the Court in which a case may be heard shall grant a change of venue. It does not say that a change of venue shall be granted by the Court to which the cause may be removed. It says specifically that such change shall be granted where an Affidavit is filed "before the court in which a petition * * * is filed".

The section providing for change of venue became a part of the divorce laws by reason of the general revision of the Statutes in 1853, 51 O. L. 377 enacted March 11th, 1853. This particular section at that time read as follows: Sec. 13 "A change of venue shall be allowed by any Court in which any Petition for divorce or alimony may be filed for the hearing and determination of the same, upon the Petitioner making application therefor and making an Affidavit that in his or her behalf a fair and impartial hearing and determination cannot be had before the Court in which the Petition is filed, and in case of such change of venue, the cause shall be remanded to another County of the same judicial district for hearing and determination."

This revision of the Act relating to divorce and alimony provides at Section 3, "that in all cases where divorce shall be applied for, the complainant shall file his or her petition in the office of the Clerk of the Court of the proper County," and then it goes on at Sec. 8 to determine that "all applications * * * shall be made in the County where the complainant bona fide resides at the time of making such application, or in the County where the cause of complaint arose or took place."

As a matter of history, previous to this date, the Supreme Court of the State had had jurisdiction to grant divorces. And

such jurisdiction was originally provided by the Act of the General Assembly of the State of Ohio passed December 29th, 1804, **3 O. L. 177**, which was the first divorce Act enacted after Ohio became a State. That Act specifically stated "that the Supreme Court shall have sole cognizance of granting divorces,"

and that Act originally determined that in all cases where divorces shall be applied for "the complainant shall file his or her Petition in the office of the Clerk of the Supreme Court three months before the sitting of the said Court."

Through the various revisions of the Act concerning divorces the sole jurisdiction of the Supreme Court was continued until an Act of March 13, 1843, **41 O. L. 95**, when the Legislature determined, Section 1: "that the Supreme Court of the State, and Court of Common Pleas in the respective Counties shall have concurrent jurisdiction in all cases of divorce and alimony,"

and the Legislature then determined, Section 2: "that in all cases hereafter when a party applies for a Decree of Divorce, the complainant shall file his Petition in Chancery in the office of the Clerk of Supreme or Common Pleas Court as the case may be, either in the County where complainant may reside at the time of making such application or in the County where the cause of complaint arose or took place." upon the filing of which the same proceedings shall be had as had been provided in the previous Act.

Now I refer to these previous matters to find what the Court referred to, or in what other manner the words respecting the "filing" of a case were used, and whether there was any meaning attached to the phrase, "the court in which a petition * * * is filed". While the wording of the Act of 1853 as I have quoted above, is slightly different from the present wording of §12000 GC it included the same reference to "the court in which a petition * * * is filed". This particular section was rewritten when the Statutes of the State were again revised, **75 O. L. 597 at p. 750 Sec. 16,** and in the Recodification published as the Revised Statutes of 1880, the change of venue section appears in its present form as Sec. 5704, Revised Statutes, **76 O. L. 192.** There have been no decisions indicating any change of meaning between the wording of the original section and the present section, and it will be presumed that the same meaning applies. The Codifying Commission merely simplified the wording without changing the meaning. Under the present laws authorizing divorce and alimony, §11980 GC provides: "Actions for divorce * * * shall

be brought in the county of which the plaintiff is and has been for at least thirty days immediately preceeding the filing of the petition, a bona fide resident or in the county wherein the cause of action arose."

This of course, is a restatement of the original determination by the Legislature that an action for divorce must be filed in the County of which the applicant was a bona fide resident. There seems to be no change in substance either in the detemination of where a Petition for divorce shall be filed or in the authority to grant a change of venue.

The definition of the word "filing" denotes the preservation of papers, and apparently the general definition refers to the placing of papers in some container or attaching them to a wire in order that they may be preserved and be readily referred to. In the Statutes referring to divorce and alimony the word "filed" is the verb that is used to denote the placing of a petition in a certain Court in order to begin the action. When §12000 GC says that upon application supported by an Affidavit that a fair and impartial hearing and determination cannot be had "before the court in which a petition for divorce * * * is filed," the wording must refer to the Court where the Petition was placed in accordance with the Statutes.

This Court (Trumbull County) is not the Court "in which the Petition was filed" but is a Court to which this case was removed. The petition bears the stamp as follows:

"Clerk's office
"Mahoning County, Ohio
"Filed September 8, 1947
"Wm. F. Quinlan, Clerk"

There is no dispute that this Petition was filed in Mahoning County, which it is admitted was the County of residence of both of these parties. The summons was issued and served in Mahoning County: The Cross Petition bears the similar stamp and states that it was filed September 22, 1947. Various other papers were also filed in Mahoning County. On October 24, 1947 a Journal was filed in Mahoning County, signed by Judge Beckenbach of Mahoning County wherein "It is ordered that a change of venue in the case of Wanda Nardacci v. Nicholas Nardacci be and the same is hereby allowed and the Clerk of Courts of Mahoning County, Ohio, is hereby ordered to send the entire file to the Clerk of Courts of Trumbull County for final determination and hearing."

Some time after that date, all of these papers came into Trumbull County although the date does not appear in these filed. It therefore appears that Trumbull County is not the County in which the Petition of this case was "filed."

The plaintiff insists on a strict construction of this Statute. The defendant believes that the Statute is a general Statute, and that the plaintiff having had the opportunity of transferring this case out of Mahoning County, the defendant should now have the opportunity of transferring it out of Trumbull County. The action for divorce and the authorization for change of venue is purely a Statutory matter. This Trumbull County Court has only the authority which the Statute grants. If the Statute merely makes it mandatory upon the Court before whom the Petition "is filed" to grant a change of venue, then the Court to which the Petition is "removed" has no authority under that Statute to further "remove" the case.

The Court to which the case is "removed" has authority to take additional measures as might become necessary in the proceedings of the case. Mills v. Mills, 24 Ohio Cir. Ct. R., N. S., 133. The Supplemental Petition does not constitute a change of the relief originally requested, but says "wherefore Plaintiff continues to pray for the relief sought in her Petition and for the additional relief sought in this Supplemental Petition." I do not think that the mere fact that a Supplemental Petition was filed in this Court would change the fundamental fact that this case was removed to this County from the Court in which the Petition for divorce was originally "filed."

Now if this were a matter of interpretation of §12000 GC the Court might consider what a reasonable interpretation should be, and might consider the fact that if §12000 GC imposes a mandatory duty upon every Court to which this case may be removed to grant a change of venue without a hearing, without consideration, without any alternative, then the Court in Portage County to which this case may be removed, may be immediately requested by either party for further change of venue. And any further Court to which this case may be later removed may likewise be mandatorily required to grant a further removal of the case upon the filing of an Affidavit. If the Statute granted that power or required that action on the part of every Court to which the case may be transferred, the mere suggestion that a "merry-go-round" is provided for every applicant for divorce would not prevent the enforcement of the Statute, because the Legislature has

the right and power to provide such a procedure. Perhaps the Legislature considered this possibility and in order to avoid such a situation decided to make this section applicable only to "the Court in which a Petition * * * is filed." At least they used words which restricted the meaning of the section to such Court. Consequently this is not a matter of interpreting a Statute but of applying the Statute according to its own words.

The sole purpose of the Courts is to provide a forum wherein causes may be decided, and the only purpose of the change of venue Statute must be to provide fair and impartial hearing and determination of causes. The trial of a case ought to be had as expeditiously as possible, and it is not the intent of the Legislature nor of the Courts to burden litigants with great expense of travel from one County to another or to make the procedure of judicial determination expensive or difficult for litigants to attain. In accordance with this purpose it seems that the Legislature very wisely restricted the right to change of venue under §12000 GC to, or rather from, the Court in which the Petition is filed, and did not provide that every Court to which such case might be removed is under the mandatory duty of continuing to remove that particular case from County to County.

The application is refused and exceptions are granted to this ruling.